FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 12, 2011
P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X

WILLIAM MOORE,

                      Petitioner,

      - against -

JAMES C. CONWAY, Superintendent,
Attica Correctional Facility

                      Respondent.

----------------------------------------------------------- X

**MEMORANDUM**
**DECISION AND ORDER**

10 Civ. 3202 (BMC)

**COGAN**, District Judge.

    Petitioner brings this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his conviction for burglary and grand larceny. His claims are either procedurally barred, not cognizable on habeas review, or without merit, and the petition is therefore denied.

## BACKGROUND

    Petitioner briefly stole a truck – soon retrieved – and used the keys inside to enter the truck owner's empty house. He fled the house less than a minute later when the alarm sounded, apparently without stealing anything. With the help of a surveillance system installed in the house that identified petitioner's vehicle, petitioner was arrested following an encounter with the victim and a police sting operation – he was apprehended while attempting to hijack another car. At the precinct, petitioner largely admitted to this version of the events and told the officers where he threw the victim's briefcase and papers after stealing his car; the victim's belongings were later recovered at that location. Petitioner refused, however, to sign his statement or to repeat it on the record.

    The jury convicted petitioner of Burglary in the Second Degree and Grand Larceny in the Fourth Degree. The court sentenced him as a persistent violent felony offender – he had been

convicted of four violent felonies on three occasions and four misdemeanors on two others – to a range of twenty-five years to life on the burglary count and two to four years on the grand larceny count. Petitioner appealed to the Appellate Division, Second Department, raising three issues: (1) the trial court erred by refusing to submit a lesser included offense, trespass, to the jury; (2) the prosecutor's summation violated his right to due process by vouching for a witness and accusing petitioner of tailoring his testimony; and (3) the sentence was excessive. The Appellate Division affirmed, disposing of each claim on the merits, and the New York State Court of Appeals denied petitioner's motion for leave to appeal. People v. Moore, 60 A.D. 3d 787, 875 N.Y.S.2d 177 (2d Dep't), leave to app. den., 12 N.Y.3d 918, 912 N.Y.S.2d 177 (2009).

## INSTANT PETITION

Petitioner filed the instant petition initially raising four grounds. First, he reasserts the argument that the trial court's failure to submit the lesser included offense of trespass deprived him of a fair trial. Second, he argues that the court should not have permitted a police officer's testimony regarding petitioner's oral statement that he made at the precinct. Third, petitioner contends that the court should have evaluated whether he was competent to stand trial. Finally, he asserts that he received ineffective assistance of counsel at trial because of a breakdown in communication and the court's unwillingness to replace the attorney whom petitioner "was said to have threatened."

In his reply papers, petitioner raises two additional claims. First, he adds that his trial counsel was also ineffective for not bringing the court's attention to petitioner's history of mental illnesses that he alleges to include, "bipolar disorder, antisocial behavior, manic depression and [multiple suicide attempts]," which have required court-ordered inpatient and outpatient treatment and medication. Other ways his attorney proved ineffective, the petitioner asserts, was

2

in his failure to (1) argue that petitioner's sentence under the State's persistent felony offender sentencing scheme was unconstitutional, (2) challenge one of the prior convictions, and (3) file a pre-sentence report, request a conference or at least an adjournment before sentencing. He also argues that the court violated Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny by relying on facts not decided by the jury in sentencing him. Lastly, petitioner claims that the court erred in not inquiring into a potential conflict with his attorney.

## DISCUSSION

### I. Procedurally-Barred Claims

Under 28 U.S.C. §2254(b)(1)(A), petitioners are required to exhaust all remedies that are available to them in state court. This means that they must have presented their "federal constitutional claims to the highest court of the state before a federal court may consider the merits of the petition." Grey v. Hoke, 933 F.2d 117, 119 (2d Cir. 1991). If they fail to do that, and the state court would no longer entertain those claims because they would now be procedurally barred, the federal habeas court must then find the claims procedurally defaulted. See Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Richardson v. Superintendent of Mid-Orange Corr. Facility, 621 F.3d 196, 201 (2d Cir. 2010). The habeas court may reach the merits of such claims "only if the [petitioner] can first demonstrate either cause and actual prejudice, or that he is actually innocent." Jones v. Keane, 329 F.3d 290, 296 (2d Cir. 2003).

#### A. Ineffective Assistance of Counsel and Potential Conflict

Petitioner claims that he received ineffective assistance of counsel because of the specific omissions by trial counsel described above and a breakdown in communication.[1] Although respondent does not recognize petitioner to be raising the separate claim (from ineffective

---

[1] Respondent argues that some of the claims – the ones raised in petitioner's reply – are untimely. Because I find these claims procedurally barred, I need not address this argument.

3

assistance) that the court failed to inquire into a potentially irreconcilable conflict with his attorney, reading his submissions liberally, this Court construes it as an independent ground for habeas relief. But because this claim is in part related to petitioner's ineffective assistance of counsel argument and fails for the same reason, the two claims are treated together for the purpose of this analysis.

In a pre-trial proceeding, the attorney alerted the state court to the problems he was experiencing with petitioner:

> I would state for the record that all lines of communication between myself and Mr. Moore have broken down, there is no client-attorney rapport, I have not been able to discuss the case with the defendant. He is insistent that I be removed from the case, he does not want me to represent him in any shape, fashion or form. Efforts to discuss the case and the strategy of the case with him have met with negative results.

After confirming that he was petitioner's third attorney, and after the court denied petitioner's request to replace counsel whom he described as the "worst lawyer in Staten Island," the attorney also notified the court that "for the record, the defendant just made a physical threat to me. He indicated that if he were uncuffed, he would get his hands on me." The court nonetheless declined to reassign counsel.

Petitioner's Sixth Amendment claim draws on the attorney's remark on the record:

> [C]ounsel did not/could not represent petitioner adequately, due to total breakdown in communication and irreconcilable conflict, where court would not replace attorney and petitioner was said to have threatened attorney, counsel would not speak to petitioner prior to any court appearances, which denied petitioner fair trial.

In his later submissions, petitioner also claims that as a result of this threat, there was a "conflict of interest and an irreconcilable difference" with his attorney.

Petitioner explains that he did not press the ineffective assistance of counsel claim on direct appeal because his appellate attorney – whose effectiveness, it should be noted, he does

4

not directly challenge – told him it was "without merit." He argues that this court should not find the claim procedurally defaulted because he "should not be held accountable [for appellate counsel's] errors."

Petitioner's claims are unexhausted and procedurally defaulted. In New York, defendants may not attack their convictions based on facts contained in the trial record that they unjustifiably failed to raise on direct appeal. See N.Y. Crim. Proc. Law § 440.10(2)(c). Although claims of ineffective assistance "often depend on extrinsic evidence and therefore must be brought through collateral attack rather than by direct appeal," such was not the case here; the claims presented in the petition are fully discernible from the record. See Clark v. Perez, 510 F.3d 382, 390 (2d Cir. 2008). Trial counsel alerted the court to the breakdown in communication and to petitioner's threat. His statements made it possible for an appellate court to decide whether the court should have inquired into a potential conflict of interest between petitioner and his attorney, and whether a threatened attorney, who is not communicating with his client, could have provided adequate assistance at trial. Indeed, these claims are as much based on the record as the omissions that petitioner argues also established counsel's ineffectiveness. Thus, they were all reviewable on direct appeal.

Because petitioner has already taken his one direct appeal, he is procedurally barred in state court from raising these record-based claims. See N.Y. Court Rules, § 500.10(a) (authorizing only one request for review of a conviction); N.Y. Crim. Proc. Law § 440.10(2)(c). As a result, the unexhausted claim is "deemed exhausted" but procedurally defaulted in federal court. See St. Helen v. Senkowski, 374 F.3d 181, 183 (2d Cir. 2004); see also Jimenez v. Walker, 458 F.3d 130, 149 (2d Cir. 2006).

Petitioner does not demonstrate cause and prejudice or actual innocence. He submits no new evidence to show innocence as required by the Supreme Court. See Schlup v. Delo, 513 U.S. 298, 327 (1995) (holding that to meet this prong, petitioner must "show that it more likely than not that no reasonable juror would have convicted him in . . . light of the new evidence").

Reading the petition liberally, it does assert cause and prejudice based on appellate counsel's ineffective assistance in failing to raise the adequacy of trial counsel on appeal. This argument must fail, however, because the Supreme Court has held that a claim of ineffective assistance of appellate counsel cannot act as a cause for procedural default unless petitioner has raised it in state court as an independent constitutional claim. See Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000); see also Disimone v. Phillips, 461 F.3d 181, 191 (2d Cir. 2006) (citing Edwards, observing that in New York a claim of ineffective assistance of appellate counsel is generally raised by petitioning for a writ of coram nobis). Petitioner has not disputed adequacy of his appellate counsel in state court and is therefore precluded from using this argument to avoid his procedural default.

**B. Apprendi and Hearsay Claims**

For the same reasons, petitioner's claims based on Apprendi, 530 U.S. 466, and on testimony regarding his oral statement at the police station are also procedurally defaulted. Both claims are based on the record and were available to petitioner on direct appeal. He failed to raise them on appeal and, for the reasons stated above, demonstrates no cause why this court should address their merits. See e.g., Clarke v. United States, 01 Civ. 9040, 2002 U.S. Dist. LEXIS 18635, at *11-12 (S.D.N.Y. Oct. 1, 2002) (Apprendi claim not raised on direct appeal is procedurally defaulted on habeas review); Fisher v. United States, 6 F. Supp. 2d 254, 260

(S.D.N.Y. 1998) (claim that testimony consisted of inadmissible hearsay is procedurally defaulted when not raised on direct appeal).

## II. Other Claims

### A. Refusal to Submit a Lesser Included Offense

Petitioner claims that he was denied a fair trial when the court refused to submit to the jury criminal trespass as a lesser included offense of second degree burglary. Unlike the other grounds in his petition, he pressed this claim on appeal and exhausted it in state court. The Second Circuit, however, has squarely held that failure to submit a lesser-included offense is not a basis for habeas relief. Jones v. Hoffman, 86 F.3d 46, 48 (2d Cir. 1996); see also Munoz v. Burge, 02 CV 6198, 2007 U.S. Dist. LEXIS 99919, at *36-37 (E.D.N.Y. Aug. 24, 2007) (trial court's failure to submit criminal trespass as a lesser included offense of burglary in the second degree not a basis for habeas relief). Because this claim is not cognizable on habeas review, the Court declines to address its merits.

### B. Competency Examination

Petitioner claims that given his behavior at trial and his mental history, the trial court should have ordered a mental examination, and that its failure to do so deprived him of a fair trial. He did not raise this argument on appeal, but the Court will address its merits under a *de novo* review. See Silverstein v. Henderson, 706 F.2d 361, 366-67 (2d Cir. 1983) ("when the trial court neglects its duty to conduct a hearing on competence, the defendant's failure to object or to take an appeal on the issue will not bar collateral attack"); Perez v. Ercole, 09-cv-1985, 2010 U.S. Dist. LEXIS 137505, at *31 (E.D.N.Y. Dec. 30, 2010); Castrillo v. Breslin, 01 Civ. 11284, 2005 U.S. Dist. LEXIS 24877, at *17-19 (S.D.N.Y. Oct. 26, 2005). Petitioner does not request an evidentiary hearing, and one need not be held because the petitioner has adequately presented

the factual bases of his claim. See 28 U.S.C. § 2254(e)(2); see also Rule 8(a) of the Rules Governing Section 2254 Cases.

It is well settled that "criminal trial of an incompetent defendant violates due process." Cooper v. Oklahoma, 517 U.S. 348, 354 (1996). A defendant is incompetent if "he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." Drope v. Missouri, 420 U.S. 162, 171 (1975). Therefore, "where the evidence raised a sufficient doubt as to defendant's competence to stand trial, the failure of the trial court to conduct a competency hearing *sua sponte* violates due process." Nicks v. United States, 955 F.2d 161, 168 (2d Cir. 1992) (citing Pate v. Robinson, 383 U.S. 375, 385 (1966)). "[I]n reviewing whether this obligation was properly discharged only the evidence before the court at the time its decision was made is pertinent." Id. at 168-69 (collecting cases, observing that the "standard does not contemplate that a judge be omniscient"). Although the applicable standard may not be precise, the Supreme Court has identified several factors that are relevant in determining whether a competency hearing was necessary: "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence." Drope v. Missouri, 420 U.S. 162, 180 (1975).

Petitioner cites his testimony that he now labels "incoherent," his disruptive behavior, and a history of mental health problems to argue that there was sufficient doubt about his competence. Significantly, he does not claim that any medical professional has previously found him incompetent to stand trial for any of his previous convictions. "Prior psychiatric history does not demonstrate lack of competence at the time of trial;" it may be "some evidence of his lack of competency . . . , [but] it is hardly dispositive." Reid v. Graham, 08 Civ. 363, 2010 U.S. Dist. LEXIS 82356, at *9 (S.D.N.Y. Aug. 12, 2010); see also United States v. Vamos, 797 F.2d

1146, 1150-51 (2d Cir. 1986) ("some degree of mental illness cannot be equated with incompetence to stand trial"). A review of the trial transcript reveals a defendant who was a master manipulator, a deliberately difficult client who went through three attorneys, intentionally making it as difficult as possible for the trial court to proceed with the trial. It also shows a defendant who was lucid and, in terms of his understanding of the proceedings, relatively sophisticated. Moreover, as evidenced by his persistence in changing counsel, his suggestions for objections at trial that counsel relayed to the court, and his plea to put more distance between him and the court officers – whose proximity he thought was "very prejudicial" – petitioner was fully engaged in his defense and showed no sign that he did not appreciate the nature and object of the proceedings.

The trial court had no reasonable ground to question petitioner's competency. The record reveals a defendant who had enormous experience with the criminal justice system and made a deliberate decision that acting out might give him a viable defense. Not receiving a competency hearing, therefore, did not deprive petitioner of a fair trial.

## CONCLUSION

For the reasons set forth above, the petition is dismissed. Petitioner has failed to make a substantial showing of the denial of a constitutional right. A certificate of appealability shall not issue. See 28 U.S.C. § 2253. Further, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45,

82 S. Ct. 917, 920-21 (1962). The Clerk of the Court is directed to enter judgment and mail a copy of this Order to petitioner *pro se* at his last known address.

**SO ORDERED.**

Dated: Brooklyn, New York
January 7, 2011

_____
U.S.D.J.